# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID GANN, aka JENNIFER GANN, CDCR #E-23852,<br><br>                                      Plaintiff,<br><br>vs.<br><br>GEORGE A. NEOTTI; G. PEDERSON; B. MORRIS; M. VIRGEN; MATTHEW CATE; ROBERT J. HERNANDEZ; K. SPENCE; E. GARCIA; E. MARRERO; W. BEAUCHEMIN; W. LILES; JOHN DOES 1 - 20;<br><br>                                      Defendants. | Civil No.   09-1703 MMA (NLS)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [Doc. No. 8];**<br><br>**2) DENYING REQUEST TO ADD CO-PLAINTIFF**<br><br>**AND**<br><br>**3) DIRECTING CLERK TO ISSUE SUMMONS AND U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT UPON DEFENDANTS E. MARRERO, W. BEAUCHEMIN AND W. LILES PURSUANT TO 28 U.S.C. § 1915(d) AND FED.R.CIV.P. 4(c)(3)** |

John David Gann, aka Jennifer Gann ("Plaintiff"), a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, initiated this civil rights action pursuant to the Civil Rights Act, 42 U.S.C. § 1983 on August 5, 2009. On August 11, 2009, the Court dismissed the case because Plaintiff failed to either prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) or file a Motion to Proceed *In*

1  *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  On August 17, 2009,

2  Plaintiff filed a Motion to Proceed IFP, and on August 25, 2009, before the Court ruled on her

3  IFP Motion or could conduct a sua sponte screening or his original Complaint, Plaintiff filed a

4  First Amended Complaint, as was her right pursuant to FED.R.CIV.P. 15(a)(1) [Doc. No. 4].[1]

5  Thus, on September 2, 2009, the Court granted Plaintiff leave to proceed IFP, and finding

6  his First Amended Complaint survived the mandatory screening required by 28 U.S.C.

7  §§ 1915(e)(2) and 1915A, directed the United States Marshal to effect service of the First

8  Amended Complaint upon her behalf [Doc. No. 5].

9  So far, the docket in this case shows service has been executed upon one Defendant,

10 Matthew Cate [Doc. No. 7].  The Court presumes service as to the remaining Defendants named

11 in Plaintiff's First Amended Complaint is proceeding likewise.[2]  However, on October 2, 2009,

12 Plaintiff submitted a Motion for Leave to File and proposed Second Amended Complaint [Doc.

13 No. 8].

14 Plaintiff seeks leave to amend pursuant to FED.R.CIV.15(a)(2) for two reasons:  1) she

15 wishes to identify and substitute three of the Defendants previously identified only as John Does;

16 and 2) she wishes to add her cell-mate, Freddy Luna, CDCR#D-77473, as a co-plaintiff in this

17 litigation.  *See* Pl.'s Mot. ¶¶ 2-3.

18 **I.**

19 **MOTION FOR LEAVE TO AMEND**

20 Leave to amend should be freely given "when justice so requires."  FED.R.CIV.P. 15(a)(2).

21 A motion to amend "is to be liberally granted where from the underlying facts or circumstances,

---

[1] Plaintiff was born biologically male, but identifies as a transgender female in and throughout the Second Amended Complaint.  *See* Second Amend. Compl. ¶¶ 3, 16.  Thus, for purposes of consistency and clarity, the Court likewise refers to Plaintiff as "she."

[2] Plaintiff is cautioned that his Second Amended Complaint supersedes his First Amended Complaint.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).  Thus, assuming he has already provided the U.S. Marshal with the summons, copies of his First Amended Complaint and the USM Form 285s necessary to effect service upon all the Defendants previously named in his First Amended Complaint, he will still need to serve a copy of his Second Amended Complaint by mail upon the previously served parties, or their counsel of record, pursuant to FED.R.CIV.P. 5(a)(1)(B) and (b)(1), in addition to providing the the U.S. Marshal with the information necessary to serve his Second Amended Complaint upon the newly identified Doe Defendants– Marerro, Beauchemin and Liles.

1  the plaintiff may be able to state a claim." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186
2  (9th Cir. 1987) (internal quotation marks and citation omitted). "Five factors are taken into
3  account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice
4  to the opposing party, futility of amendment, and whether the plaintiff has previously amended
5  the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Although these
6  multiple factors are usually considered, "futility of amendment alone can justify the denial of a
7  motion." *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1055 (9th Cir. 2009)
8  (citing *Johnson*, 356 F.3d at 1077).

9  Here, the Court finds, at least with respect to Plaintiff's desire to amend in order to
10 substitute the true names of three of the previously named Doe Defendants, no bad faith, undue
11 delay or prejudice to the opposing party. *See Johnson*, 356 F.3d at 1077. Accordingly, the Court
12 GRANTS Plaintiff's Motion for Leave to Amend and DIRECTS the Clerks of Court to file the
13 Second Amended Complaint and to add E. Marrero, W. Beauchemin and W. Liles as parties in
14 this action.

15 Furthermore, because Plaintiff has already been granted leave to proceed IFP [Doc. No.
16 5], and her Second Amended Complaint, like the First Amended Complaint, survives the sua
17 sponte screening required by 28 U.S.C. §§ 1915(e)(2) and § 1915A, Plaintiff is entitled to U.S.
18 Marshal service upon newly identified Defendants E. Marrero, W. Beauchemin and W. Liles
19 pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

20 As to Plaintiff's request to add her cell-mate, Freddy Luna as a co-Plaintiff in this matter,
21 however, Plaintiff's request is DENIED. First, only Plaintiff Gann has requested leave to proceed
22 IFP and only she has been granted leave to proceed IFP. *See* 28 U.S.C. § 1915(a)(1) (affidavit
23 requirement); 28 U.S.C. § 1915(a)(2) (certified trust find account statement requirement); 28
24 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action ... in forma pauperis, the prisoner shall
25 be required to pay the full amount of a filing fee."); *see also Hubbard v. Haley*, 262 F.3d 1194,
26 1197-98 (11th Cir. 2001) (holding that 28 U.S.C. § 1915(b) does not permit multiple prisoner-
27 plaintiffs to proceed IFP in one civil action).

28 ///

Second, to the extent Plaintiff Gann seeks to assert the rights of another, she may not, for pro se litigants lack the representative capacity to file motions and other documents on behalf of other prisoners. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." *Id.* (citations omitted); *see also* FED.R.CIV.P. 11(a) ("[I]f the party is not represented by an attorney, [every written motion and other paper] shall be signed by the party.").

Finally, while the Federal Rules of Civil Procedure generally permit persons to join in one action as plaintiffs, several conditions must exist: (1) the plaintiffs assert a right to relief arising out of the same transaction and occurrence; and (2) some question of law or fact will arise in the action and is common to all the plaintiffs. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000) (citing FED.R.CIV.P. 20(a)). In the Second Amended Complaint, Plaintiff Gann, a pre-operative transsexual on a regimen of hormone therapy, alleges Defendants have acted with deliberate indifference to her health and safety, subjected her to an "ongoing campaign of harassment and retaliation," sexually harassed and physically assaulted her, subjected her to inhumane conditions of confinement and denied her due process, equal protection and adequate mental health care in violation of the Eighth and Fourteenth Amendments as well as the Americans with Disabilities Act, 42 U.S.C. § 12102, since she arrived at Richard J. Donovan Correctional Facility in October 2008. *See* Second Amend. Compl. ¶¶ 16-17, 50-54.

While Plaintiff Gann alleges Luna is her cellmate and was present on at least two occasions when Gann was allegedly subjected to discrete acts of discrimination or harassment at the hands of individual defendants, this alone "does not necessarily establish a common question of law or fact" sufficient to join Luna as a co-plaintiff under Rule 20. *See e.g., Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997) (finding permissive joinder under Rule 20 inappropriate where co-plaintiffs' claims were all brought under the "same general law," but nevertheless involved uncommon "legal issues, standards and procedures," due to the differing facts, procedural postures and injuries claimed by each plaintiff).

## II.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 8] is GRANTED.

2. Plaintiff's request to add Freddy Luna as co-Plaintiff is DENIED.

3. The Clerk of Court is DIRECTED to file the Second Amended Complaint submitted by Plaintiff in conjunction with his Motion, and to add E. Marrero, Correctional Captain, W. Beauchemin, Correctional Lieutenant, and W. Liles, Correctional Sergeant, as Defendants in this matter.

4. The Clerk shall thereafter issue a summons upon Defendants Marrero, Beauchemin and Liles and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the September 2, 2009 Order granting Plaintiff leave to proceed IFP [Doc. No. 5], and copies of his Second Amended Complaint and its accompanying summons for purposes of serving these three additional Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.[3] Thereafter, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon each of these additional Defendants as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

5. Defendants are thereafter **ORDERED** to reply to the Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right

---

[3] Plaintiff is advised that the United States Marshal cannot effect service under Rule 4 upon a post office box address. Therefore, if Defendants, all correctional officials, are believed to be employed at a particular prison, Plaintiff's USM Form 285 should list the *street* address, not the post office box, of the institution where she believes each defendant may be found and subject to service.

1  to reply to any action brought by a prisoner confined in any jail, prison, or other correctional
2  facility under section 1983," once the Court has conducted its sua sponte screening pursuant to
3  28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based
4  on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the
5  merits," Defendants are required to respond).

6       6.    Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel,
7  upon Defendants' counsel, a copy of every further pleading or other document submitted for
8  consideration of the Court. Plaintiff shall include with the original paper to be filed with the
9  Clerk of the Court a certificate stating the manner in which a true and correct copy of any
10 document was served on Defendants, or counsel for Defendants, and the date of service. Any
11 paper received by the Court which has not been filed with the Clerk or which fails to include a
12 Certificate of Service will be disregarded.

13 **IT IS SO ORDERED**.

14 DATED: October 22, 2009

                                           Hon. Michael M. Anello
                                           United States District Judge