# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID GANN, also known as JENNIFER GANN,<br><br>　　　　　　Plaintiff,<br>v.<br>GEORGE A. NEOTTI, Warden; G. PEDERSON, Correctional Lieutenant; B. MORRIS, Correctional Captain; M. VIRGEN, Correctional Officer; John Does 1-20; MATTHEW CATE, Director of Corrections; ROBERT J. HERNANDEZ, Warden; K. SPENCE, Correctional Lieutenant; E. GARCIA, Correctional Sergeant; E. MARRERO, Correctional Captain; W. BEAUCHEMIN, Correctional Lieutenant; W. LILES, Correctional Sergeant,<br><br>　　　　　　Defendants. | Civil No. 09cv1703 MMA (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR EXTENSION OF TIME [Doc. No. 43]; and**<br><br>**(2) DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO APPOINT COUNSEL [Doc. No. 44].** |

John David Gann, aka Jennifer Gann (Plaintiff), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff is biologically male but identifies as a transgender female, and is on a regimen of hormone therapy. (Second Amended Complaint (SAC at ¶ 16.)[1] Plaintiff alleges Defendants have violated Plaintiff's civil rights by discriminating and harassing her based on her transgender status, inflicting cruel and unusual punishment via deprivation of outdoor exercise and indifference to medical need, and denying her equal

---

[1] The SAC refers to Plaintiff as "she" and, for consistency, the Court will also refer to Plaintiff as "she."

protection under the law by failing to treat Plaintiff equally to biological women.

**Request for Extension of Time.**

On March 5, 2010, defendants Beauchemin, Cate, Garcia, Hernandez, Liles, Marrero, Morris, Neotti, Pederson, Spence and Virgen filed a motion to dismiss Plaintiff's first, eighth and fourteenth amendment claims for failure to exhaust administrative remedies. The court set a hearing date for April 12, 2010. On March 10, 2010, Plaintiff was transferred from Richard J. Donovan Correctional Facility (Donovan) to California Correctional Institute (CCI) in Tehachapi, California. Due to the move, Plaintiff did not have full access to her personal property. Gann Decl. ¶ 2. On May 10, 2010, Plaintiff filed a request for an additional 60 days to file an opposition to the motion to dismiss. For good cause shown, the court **GRANTS** Plaintiff 60 days from the date of the original hearing date to file an opposition. Therefore, Plaintiff must file her opposition by **June 11, 2010**.

**Motion for Reconsideration.**

On April 13, 2010, this court denied Plaintiff's motion for appointment of counsel. On May 13, 2010 Plaintiff filed a motion for reconsideration, arguing that "exceptional circumstances" warrant the appointment of counsel here based on Plaintiff being transferred from Donovan to CCI and not having access to all her personal property, including legal materials, papers and documentary evidence.

The court may relieve a party from an order for reasons of mistake, inadvertence or excusable neglect. Fed. R. Civ. Proc. 60(b). Here, Plaintiff offers no reasons for the court to reconsider its order denying appointment of counsel. Further, to make a finding of "exceptional circumstances" under *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991) "requires an evaluation of both the 'likelihood of success on the merits [and] the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved.'" *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The fact that Plaintiff has moved and for a time did not have access to all her personal property, including legal materials, does not constitute the "exceptional circumstances" that would warrant appointment of counsel. The court, therefore, **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

DATED: May 20, 2010

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge