# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID GANN also known as JENNIFER GANN,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE A. NEOTTI et al.,<br><br>Defendants. | CASE NO. 09CV1703-MMA (NLS)<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 47]<br><br>**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 34]<br><br>**(3) DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT;**<br><br>[Doc. No. 21]<br><br>**(4) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT;**<br><br>[Doc. No. 49]<br><br>**(5) FINDING AS MOOT DEFENDANTS' PENDING MOTIONS TO DISMISS**<br><br>[Doc. Nos. 19, 35] |

On August 5, 2009, Plaintiff John David Gann, aka Jennifer Gann, a state prisoner proceeding *pro se* and *in forma pauperis*, filed the instant action for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On October 22, 2009, Plaintiff filed a second amended complaint ("SAC"), which is the operative pleading in this action. (Doc. No. 10.) Plaintiff is biologically male, but identifies as a transgender female, and is on a regimen of hormone therapy. (*SAC* at ¶ 16.)[1] In the SAC, Plaintiff alleges that Defendants violated her civil rights by discriminating and harassing her based on her transgender status; inflicting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, including deprivation of outdoor exercise and indifference to medical need; and denying her equal protection under the law by failing to treat her equally to biological women. On November 25, 2009, Defendants filed a motion to dismiss the SAC. (Doc. No. 19.) Rather than opposing the motion, Plaintiff filed a motion to supplement her complaint. (Doc. No. 21.) Defendants opposed the motion. (Doc. No. 26.) Now before the Court is the assigned Magistrate Judge's report and recommendation ("R&R"), recommending that the Court deny Plaintiff's motion to supplement. (Doc. No. 34.) On May 21, 2010, Plaintiff filed objections to the R&R. (Doc. No. 47.) Defendants timely replied. (Doc. No. 48.) For the reasons set forth herein, the Court **ADOPTS** the R&R in its entirety and **DENIES** Plaintiff's motion to supplement.

## Legal Standard

### I.    Federal Rule of Civil Procedure 72(b) - Report and Recommendation

A district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). An objecting party may "serve and file specific written objections to the proposed findings and recommendations," and "a party may respond to another party's objections." Fed. R. Civ. P. 72(b).

In reviewing an R&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (when objections are made, the court

---

[1] For purposes of consistency, the Court refers to Plaintiff as "she."

must make a de novo determination of the factual findings to which there are objections). "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." *Orand v. United States*, 602 F.2d 207, 208 (9th Cir.1979). Objections must, however, be specific, not vague or generalized. *See* Fed. R. Civ. P. 72(b)(2) (requiring "specific" objections).

## II. Motion to Supplement

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith or dilatory motive on the part of the movant, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Although a court should consider all factors, "futility of amendment alone can justify the denial of a motion." *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1055 (9th Cir. 2009) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

## Analysis

### A. Motion to Supplement Complaint

Because Plaintiff does not appear to object to the Magistrate Judge's recount of the allegations in the SAC and the allegations in the Proposed Supplemental Complaint ("PSC"), the Court adopts that portion of the Magistrate Judge's R&R.[2]

---

[2]The Court notes that Plaintiff does offer one objection to the Magistrate Judge's recap of the allegations in the PSC. According to the R&R, Plaintiff alleges in the PSC that "On October 5, 2009, proposed Defendant McGee attempted an unauthorized entry of Plaintiff's cell as part of the 'campaign of harassment.' The control booth operator, Correctional Officer Brown refused to open the cell door." (*R&R* at 7:6–8 (citing PSC at ¶ 24).) Plaintiff contends that this characterization of her allegation is erroneous because the unauthorized entry was to clean up the evidence of the October

In her motion for leave to file a supplemental complaint, Plaintiff seeks *inter alia* to add additional allegations against additional defendants for events that occurred in September and October 2009, after she filed the instant action. (*Pl.'s Mot. to Supplement* at 1:20–2:11.) The Magistrate Judge recommended that the Court deny Plaintiff's motion because Plaintiff's allegations against these particular individuals were for actions that took place after Plaintiff filed this action in August 2009, and Plaintiff could not have exhausted her administrative remedies prior to the filing of the original complaint. Based on this fact, the Magistrate Judge concluded that amendment to add the new allegations and the new defendants would be futile. (*R&R* at 9:21–10:1.)

Plaintiff objects to several aspects of the Magistrate Judge's R&R. First, she contends that the Magistrate Judge erred when she recommended that the Court deny Plaintiff's request to supplement the complaint with additional defendants who were involved in incidents before and during September and October 2009. Plaintiff contends that these additional defendants are actually the "Doe" defendants named in her original complaint. (*Pl.'s Objections* at 2:1–13.) As a general rule, the use of "Doe" pleading to identify unknown defendants is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980). Unknown defendants may be included in a complaint when the identities of the alleged defendants are not known prior to the filing of the complaint, but may be identified through discovery. *Id.* Here, Plaintiff's proposed defendants allegedly injured Plaintiff after she filed the instant action. "Doe" pleading is permitted to identify defendants who injured a plaintiff prior to the filing of the complaint, but whose name the plaintiff does not know. "Doe" pleading is not a tool that can be used to add claims for injuries that occurred after the plaintiff filed the action. Thus, the Court **OVERRULES** Plaintiff's objection.

Next, Plaintiff objects to the Magistrate Judge's conclusion that supplementing the

---

3, 2009 inmate death discussed in Paragraph 20 of the PSC. (*Pl.'s Objections* at 2:14–24.) The Magistrate Judge's characterization of the allegation closely tracks the language of Plaintiff's allegation in Paragraph 24 of the PSC, and there is nothing in the allegations themselves to link the allegations contained in Paragraph 24 with those in Paragraph 20. Based on the language in Paragraph 24, the Magistrate Judge's recount of the allegation was not error. Even if the Court were to find error with the Magistrate Judge's recount of Plaintiff's allegation in Paragraph 24, such error was harmless because the event occurred after the filing of the instant action. Thus, the Court would still not permit Plaintiff to supplement her complaint with facts relating to the event for the reasons noted by the magistrate judge and addressed by this Court below.

complaint to add most of the proposed claims would be futile because Plaintiff failed to exhaust her administrative remedies. (*Pl.'s Objections* at 2:25–5:15.) Plaintiff, however, offers no basis for the Court to find that the Magistrate Judge's conclusion was error. Exhaustion of administrative remedies is required "before the filing of a complaint." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). *See also* 42 U.S.C. § 1997e(a). Moreover, "a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." *McKinney*, *supra*, 311 F.3d at 1199. Here, all of Plaintiff's proposed claims relate to events that occurred after she filed her original complaint. Thus, Plaintiff could not have exhausted her administrative remedies prior to when she filed her complaint. Because Plaintiff did not exhaust her administrative remedies, such claims would be subject to dismissal. Therefore, the Magistrate Judge properly concluded that the proposed amendment would be futile. Accordingly, the Court **OVERRULES** Plaintiff's objection.

Next, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's proposed additional allegations against Defendants Neotti, Pederson, and Miranda for obstructing her complaints and appeals failed to state a claim. The Magistrate Judge concluded that Plaintiff failed to state a claim against these particular Defendants because the due process clause creates no claim of entitlement to the prison grievance system. (*R&R* at 10:2–18.) Plaintiff contends that this conclusion was legal error and that she does in fact have such an entitlement under the due process clause. (*Pl.'s Objections* at 5:16–6:13.) In *Mann v. Adams*, the Ninth Circuit held that the due process clause creates "no legitimate claim of entitlement to a [prison] grievance procedure." 855 F.2d 639, 640 (9th Cir. 1998). Thus, the Magistrate Judge properly found that Plaintiff failed to state a claim for relief based on the alleged obstruction of her complaints and appeals. Accordingly, the Court **OVERRULES** Plaintiff's objection.[3]

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's proposed addition of new defendants failed to meet the requirements of Rule 20. The Magistrate Judge

---

[3] The Court notes that the Magistrate Judge also concluded that Plaintiff's factual allegations regarding this claim were deficient, and that such deficiency could serve as an alternative basis for dismissal. Plaintiff objects to this aspect of the R&R as well. (*Pl.'s Objections* at 6:13–27.) The Court, however, finds Plaintiff's additional objection moot in light of the Court's conclusion that Plaintiff's due process claim.

concluded that the claims set forth by Plaintiff in the PSC were completely unrelated to those claims asserted in the SAC. Specifically, the Magistrate Judge explained that while the claims in the SAC sought relief for alleged violations of Plaintiff's rights based on her transgender status, the allegations in the PSC sought relief for alleged violations of her rights resulting from her participation in internal affairs investigations and her cell mate Freddy Luna's filing of a complaint. (*R&R* at 10:26–11:5.) Plaintiff asserts that this conclusion was error because "[t]he allegations in the SAC and in the PSC involve an ongoing and continuous pattern of a 'campaign of harassment,' and retaliation against plaintiff for filing complaints, by prison officials working at R.J. Donovan Correctional Facility . . . ." (*Pl.'s Objections* at 7:1–14.)

Rule 20 provides that Defendants may be joined in one action only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law of fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The Court has reviewed both the allegations set forth in the SAC and those set forth in the PSC. The Court agrees with the Magistrate Judge that the allegations set forth by Plaintiff in the SAC are different and wholly unrelated to those set forth in the PSC. Despite Plaintiff's assertion that the PSC allegations simply demonstrate an ongoing "campaign of harassment," she cannot deny that she alleges in the PSC that the harassment was the result of her filing prison grievances and complaints. On the other hand, the "campaign of harassment" described by Plaintiff in the SAC allegedly stems only from her status as a transgender individual. Accordingly, the Court finds that the Magistrate Judge properly concluded that Plaintiff failed to satisfy the threshold requirements of Rule 20. For this reason, the Court **OVERRULES** Plaintiff's objection.

The Court notes that Plaintiff also objects to the Magistrate Judge's conclusion that joinder would create confusion and prejudice. However, because the Court has determined that Plaintiff failed to meet the threshold requirements of Rule 20, the Court finds this objection **MOOT**.

Accordingly, and for the reasons stated herein, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's R&R (Doc. No. 47), **ADOPTS** the R&R in its entirety (Doc. No. 34), and **DENIES** Plaintiff's motion to supplement the complaint (Doc. No. 21).

///

**B.      Plaintiff's Motion for Leave to File a Third Amended Complaint**

On June 1, 2010, Plaintiff filed a motion for leave to file a third amended complaint ("TAC"). (Doc. No. 49.) In light of the R&R that was already pending at the time Plaintiff filed this motion, the Court was required to assess Plaintiff's motion for the purpose of determining whether the R&R was moot. It appears from the proposed TAC that Plaintiff seeks to make the following changes: (1) corrections for "grammatical errors, clarity, and brevity," (2) omitting proposed co-Plaintiff Freddy Luna and his claims, (3) adding additional defendants (*see Proposed TAC* at ¶¶ 8–12, 18, 21–23); (4) voluntarily dismissing all remaining Doe defendants; (5) voluntarily dismissing her claim under the Americans with Disabilities Act; and (6) adding an additional claim under the "right to petition" clause of the First Amendment. (*See Pl.'s Mot. for Leave to File TAC* at 1:25–2:17.)

Having compared the allegations of the SAC, PSC, and proposed TAC, it appears to the Court that Plaintiff seeks to add additional defendants and additional claims based on Plaintiff's use of the prison grievance procedure. Because these defendants and allegations were the subject of the R&R, the Court determined that the R&R was not moot. After reviewing the proposed TAC, and in order to streamline the litigation, the Court finds good cause to consider the merits of Plaintiff's motion to file a TAC.

As an initial matter, the Court finds no prejudice to the current Defendants in permitting the filing of the TAC to the extent Plaintiff's claims do not address Plaintiff's use of the prison grievance procedure because the Plaintiff's allegations in the TAC remain largely unchanged from those set forth in the SAC. As for the additional claims related to Plaintiff's use of the prison grievance procedure, however, the Court **DENIES** Plaintiff's motion to file a TAC to add these claims based on the Court's ruling above. Moreover, the Court **DENIES** Plaintiff's request to assert claims related to the Plaintiff's use of the prison grievance procedure against additional defendants M. Chacon, J. McGee and E. Franklin.

In addition, Plaintiff alleges that the following individuals also participated in the campaign of harassment, discrimination and violation of Plaintiff's equal protection rights against

Plaintiff because of her transgender status: D.R. Morris, D.K. McBride, A.L. Cota, P. Cowan, E. Romero, A. Llamas, M. Chacon, and J. McGee. Because the Court finds that the claims against D.R. Morris, A.L. Cota, E. Romero, A. Llamas, M. Chacon, and J. McGee would survive the Court's *sua sponte* screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court **GRANTS** the motion to file a TAC to add these claims against these Defendants. Therefore, the Court shall order U.S. Marshal service on Plaintiff's behalf on these additional defendants. *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."  *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

The Court, however, finds that Plaintiff's claims against D.K. McBride and P. Cowan are insufficient to state a claim for relief. Plaintiff conclusorily asserts that these individuals "subjected Plaintiff to discrimination based on sex and blatant gender stereotyping," and "have tried to force plaintiff to conform to a male gender role and discriminated against plaintiff . . . based solely on the male genitalia of plaintiff." (*See Proposed TAC* at ¶¶ 47, 49.) Plaintiff, however, alleges no facts regarding either Defendant to support these conclusory allegations. Accordingly, because the Court finds that these claims against these Defendants would not survive the Court's *sua sponte* screening, the Court **DENIES** Plaintiff's motion to add these Defendants.

Accordingly and for the reasons noted above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for leave to file a third amended complaint. (Doc. No. 49.) The Court orders the Clerk of Court to file the TAC as the operative pleading in this action, however, the Court hereby **STRIKES** the following from the TAC: Additional Defendants E. Franklin, D.K. McBride, and P. Cowan, Plaintiff's First Cause of Action, and Paragraphs 9, 11, 18 and 50.

**C.     Defendants' Pending Motions to Dismiss**

1  In light of the fact that the Third Amended Complaint is now the operative pleading in this
2  action, the Court hereby **FINDS** Defendants' pending motions to dismiss (Doc. Nos. 19, 35)
3  **MOOT**.

<h3 style="text-align:center">4     CONCLUSION</h3>

5  For the reasons set forth herein, the Court hereby:

6  (1)  **OVERRULES** Plaintiff's objections to the Magistrate Judge's Report and
7  Recommendation (Doc. No. 47);

8  (2)  **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety (Doc.
9  No. 34);

10  (3)  **DENIES** Plaintiff's motion to supplement the complaint (Doc. No. 21);

11  (4)  **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for leave to file a
12  third amended complaint (Doc. No. 49);

13  (5)  **DIRECTS** the Clerk of Court to file the proposed Third Amended Complaint (Doc.
14  No. 49-1) as the operative complaint, and to add  D.R. Morris, Chief Deputy
15  Warden, A.L. Cota, Associate Warden, E. Romero, Health Care Manager, A.
16  Llamas, Correctional Officer, M. Chacon, Correctional Officer and J. McGee,
17  Correctional Officer, as Defendants in this matter;

18  (6)  **STRIKES** the following from the Third Amended Complaint: Additional
19  Defendants E. Franklin, D.K. McBride, and P. Cowan, Plaintiff's First Cause of
20  Action, and Paragraphs 9, 11, 18 and 50;

21  (7)  **FINDS AS MOOT** Defendants' pending motions to dismiss (Doc. Nos. 19, 35).

22  The Court further **ORDERS** that:

23  (1)  The Clerk, after adding them as Defendants in this matter, shall issue a summons
24  upon Defendants D.R. Morris, A.L. Cota, E. Romero, A. Llamas, M. Chacon, and J.McGee, and
25  forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In
26  addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the September 2,
27  2009 Order granting Plaintiff leave to proceed IFP [Doc. No. 5], and copies of her Third Amended
28  Complaint and its accompanying summons for purposes of serving these six additional

1  Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as
2  completely and accurately as possible, and to return them to the United States Marshal according
3  to the instructions provided by the Clerk in the letter accompanying his IFP package.[4] Thereafter,
4  the U.S. Marshal shall serve a copy of the Third Amended Complaint and summons upon each of
5  these additional Defendants as directed by Plaintiff on each Form 285. All costs of service shall be
6  advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

7        (2) These Additional Defendants are thereafter **ORDERED** to reply to the Third
8  Amended Complaint within the time provided by the applicable provisions of Federal Rule of
9  Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be
10 permitted to "waive the right to reply to any action brought by a prisoner confined in any jail,
11 prison, or other correctional facility under section 1983," once the Court has conducted its sua
12 sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a
13 preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable
14 opportunity to prevail on the merits," Defendants are required to respond).

15       (3) Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel,
16 upon Defendants' counsel, a copy of every further pleading or other document submitted for
17 consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk
18 of the Court a certificate stating the manner in which a true and correct copy of any document was
19 served on Defendants, or counsel for Defendants, and the date of service. Any paper received by
20 the Court which has not been filed with the Clerk or which fails to include a Certificate of Service
21 will be disregarded.

22 ///
23 ///
24 ///
25 ///

---

[4] Plaintiff is advised that the United States Marshal cannot effect service under Rule 4 upon a post office box address. Therefore, if Defendants, all correctional officials, are believed to be employed at a particular prison, Plaintiff's USM Form 285 should list the *street* address, not the post office box, of the institution where she believes each defendant may be found and subject to service.

(4) Defendants already joined in this action shall file their answer or otherwise respond to the Third Amended Complaint on or before *July 12, 2010*.

**IT IS SO ORDERED.**

DATED: June 15, 2010

Hon. Michael M. Anello
United States District Judge